IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CREDIT SUISSE AG, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| M/V SAM EAGLE, IMO NO. 9559676, | § | Admiralty Rule 9(h) |
| HER ENGINES, APPAREL, | § | |
| FURNITURE, EQUIPMENT, | § | |
| APPURTENANCES, TACKLE, ETC., | § | |
| *IN REM*, | § | |
| | § | |
| and | § | |
| | § | |
| SPV SAM EAGLE INC., | § | |
| *IN PERSONAM* | § | |

## VERIFIED ORIGINAL COMPLAINT

Plaintiff Credit Suisse AG (hereinafter "Credit Suisse," "Plaintiff" or sometimes "Lender"), by and through its attorneys Blank Rome LLP, files its Verified Original Complaint against Defendants M/V SAM EAGLE, IMO No. 9559676, her engines, apparel, furniture, equipment, appurtenances, tackle, etc. (hereinafter the "Vessel"), *in rem*, and SPV SAM Eagle Inc. ("SAM Eagle" and sometimes "Borrower"), *in personam*, and would respectfully show as follows:

A. **JURISDICTION AND VENUE**

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333 in that this action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims, and is brought for breach of a loan agreement and the enforcement of a preferred ship mortgage under the Ship Mortgage Act, 46 U.S.C. § 31301, *et seq*.

2.      This Court has jurisdiction to authorize the attachment and arrest of the Vessel

pursuant to Supplemental Rules B and C so as to provide security for Plaintiff's claims.

3.      Venue is proper in this district because the Vessel is located within this district, as required by 28 U.S.C. § 1391(b)(3).

**B.      PARTIES**

4.      Credit Suisse AG is a bank incorporated in Switzerland acting through its office at St Alban-Graben 1-3, CH 4002 Basel, Switzerland.

5.      SPV SAM Eagle Inc. is a business entity incorporated in the Republic of Panama whose registered office is at Hi-Tech Plaza Building, 10th Floor, 53rd Street, Obarrio, Panama City, Republic of Panama, and is the owner of the M/V SAM EAGLE.  SAM Eagle may be served with notice care of Shipping Asset Management (SAM) SA, Rue Robert Ceard, 12, 1204 Geneva, Switzerland.

**C.      RULE B ALLEGATIONS**

6.      After a diligent search, and as is further set forth in the accompanying Declaration of Keith B. Letourneau, Defendant SAM Eagle cannot be found within this District for purposes of Supplemental Rule B.

7.      SAM Eagle is a non-resident as that term is used in subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code, does not maintain a business office or address in Texas, and has not designated or maintained a resident agent for service of process in Texas.

8.      At all material times, SAM Eagle owned and operated or caused to be operated the M/V SAM EAGLE in international maritime commerce between various ports throughout the world.  The Vessel may properly be attached based on SAM Eagle's liabilities as set forth below.

9.      The M/V SAM EAGLE is a 2010-build, Liberian flagged 20,846 gross ton bulk carrier.  The M/V SAM EAGLE is currently or will be present within the jurisdiction of this Court.

D.    **RULE C ALLEGATIONS**

10.    Credit Suisse holds the First Preferred Ship Mortgage for the M/V SAM EAGLE by mortgagee SAM Eagle, and SAM Eagle is in breach of same.

11.    Accordingly, Credit Suisse seeks to enforce its preferred mortgage directly against the Vessel *in rem*, pursuant to Rule C of the Supplemental Admiralty Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

E.    **FACTS**

    *i.    The Loan Agreement and Preferred Ship Mortgage*

12.    On or about April 30, 2010, Credit Suisse as lender provided to SPV SAM Eagle Inc. and SPV SAM Falcon Inc. as joint and several borrowers a loan of up to $24,500,000, as more fully set forth in the Loan Agreement dated April 30, 2010 (as amended by addendum no. 1 dated September 30, 2010, addendum no. 2 dated August 25, 2011, addendum no. 3 dated August 7, 2014, addendum no. 4 dated June 8, 2015, and addendum no. 5 dated August 17, 2016) (collectively, the "Loan Agreement," attached hereto *in globo* as **Exhibit 1** and incorporated herein by reference).

13.    The Loan Agreement was made to assist the Borrowers in financing (amongst other things) the acquisition costs of the vessels SAM EAGLE and SAM FALCON.

14.    To secure payment of all sums due to Credit Suisse under the Loan Agreement, SAM Eagle, as Mortgager and Owner, duly executed and delivered to Credit Suisse, as Mortgagee, a First Preferred Liberian Ship Mortgage dated July 8, 2015, on the whole of the SAM EAGLE, her engines, tackle, apparel, etc., as more fully described therein.  A true and correct copy of the First Preferred Liberian Ship Mortgage is attached hereto as **Exhibit 2** and is incorporated herein by reference.

       *ii.*       ***SAM Eagle's Defaults Under the Loan Agreement and Foreclosure of the Vessel***

     **15.**      On or about September 13, 2019, the M/V SAM EAGLE was arrested by FIMBANK PLC, in an action presently pending in the Southern District of Texas – Corpus Christi Division, Cause No. 2:19-cv-00264.

     **16.**      On November 6, 2019, Credit Suisse wrote to SAM Eagle to advise that the arrest of the Vessel constituted a breach of clause 19.1.10 of the Loan Agreement and was therefore an event of default.  See **Exhibit 3**.  While reserving all rights, remedies and defenses with respect to the event of default, Credit Suisse directed SAM Eagle to take actions to secure the release of the Vessel from arrest.  *Id*.

     **17.**      On January 31, 2020, Credit Suisse wrote to SAM Eagle to note that the event of default referenced in the November 6, 2019, letter (*i.e.*, the arrest of the Vessel by FIMBANK PLC) had remained unremedied, as well as to notify of separate events of default stemming from failure to pay mortgagee's interest insurance premiums (breach of clause 19.1.2 of the Loan Agreement) and failure to pay a legal invoice (breach of clause 19.1.1 of the Loan Agreement).  See **Exhibit 4**.  Once again reserving all rights, remedies and defences, Credit Suisse demanded that Borrower remedy all of the identified events of default.  *Id*.

     **18.**      After receiving no response, Credit Suisse again wrote to SAM Eagle on February 11, 2020, to advise the following: 1) the previously identified events of default in the November 2019 and January 2020 correspondence remained unremedied; 2) Borrower had failed to pay a repayment installment of $205,000 and interest payment of $24,209.38 which were both due on February 5, 2020 (itself an event of default pursuant to clause 19.1.1 of the Loan Agreement); 3) SAM Eagle had failed to rectify certain overdue class related items for the Vessel (constituting breaches under clause 5.2.2 and 5.2.3 of the First Preferred Liberian Ship Mortgage);

4

and 4) based on the present value of the Vessel, the loan to value amount for the Vessel was insufficient to provide the 130% security cover required by the Loan Agreement.  See **Exhibit 5**.

19.     Once again, on March 12, 2020, Credit Suisse wrote to SAM Eagle to advise that the events of default identified in the February letter remained unremedied and demand that SAM Eagle resolve same.  The letter also indicated that the amounts of the unpaid interest, default interest and margin call had increased.  See **Exhibit 6**.

20.     Finally, on April 1, 2020, Credit Suisse wrote to SAM Eagle to advise that, as a result of all of the aforementioned events of default, Credit Suisse was exercising its right to accelerate repayment of the loan.  Credit Suisse accordingly demanded immediate payment of the amount of USD 6,171,908.15, GBP 3,231.00 and EUR 7,328.97, in respect of the principal amount, interest, default interest and legal costs and expenses due and payable under the Loan Agreement as of April 1, 2020.  See **Exhibit 7**.

21.     Clause 19.2 of the Loan Agreement provides in pertinent part that "[u]pon the occurrence of an Event of Default ... the Lender may take any one or more of the following actions:

> by written notice to the Borrowers demand the immediate repayment of the Loan, all interest accrued thereon and all other Outstanding Indebtedness, whereupon the same shall become immediately due and payable; and
>
> take steps to exercise the rights and remedies conferred upon the Lender by this Agreement and the other Security Documents and exercisable on or after the occurrence of an Event of Default."

22.     SAM Eagle is now in default of the Loan Agreement for the reasons set forth above. Because SAM Eagle has failed to fulfill its obligations under the Loan Agreement, Credit Suisse declared and hereby does further declare that all sums due thereunder are immediately due and payable pursuant to clause 19.2 of the Loan Agreement.

23.     Pursuant to Section 7.1 of the First Preferred Liberian Ship Mortgage, an event of

default entitles Credit Suisse to exercise its rights thereunder, including the right to "take possession of the Vessel" and "to exercise all the rights and remedies in foreclosure and otherwise given to mortgagees by applicable law," including "to sell the Vessel ... free from any claims of or by the Owner of any nature whatsoever ... by public auction or private contract or tender..."

24.     Because SAM Eagle is in default under the Loan Agreement and First Preferred Liberian Ship Mortgage, Credit Suisse desires to cause the M/V SAM EAGLE to be seized and sold at a sale to be conducted by the United States Marshal.

25.     The Ship Mortgage Act defines a "preferred mortgage" as a mortgage that is "executed under the laws of the foreign country under whose laws the ownership of the vessel is documented and has been registered under those laws in a public register at the port of registry of the vessel or at a central office."  46 U.S.C. § 31301(6)(b).

26.     The Liberia Maritime Authority is the exclusive central office and public registry for documenting ownership of vessels and ship mortgages over vessels registered in Liberia, including the M/V SAM EAGLE.

27.     The First Preferred Liberian Ship Mortgage is a preferred ship mortgage as defined in 46 U.S.C. §§ 31301(6)(b), 31325(a).  All of the acts and things required to be done in order to give the First Preferred Liberian Ship Mortgage the status of a preferred ship mortgage was done or caused to be done by Credit Suisse or the Liberia Maritime Authority.   A true and correct copy of the Acknowledgement of Mortgage reflecting the recordation and valid recognition of the First Preferred Liberian Ship Mortgage by the Liberia Maritime Authority is available at p. 23 of Exhibit 2.

### iii.     *Balance owed to Credit Suisse*

28.     The balance due to Credit Suisse by SAM Eagle under the Loan Agreement and

First Preferred Liberian Ship Mortgage as of April 1, 2020, is USD 6,171,908.15, GBP 3,231.00 and EUR 7,328.97, plus accruing interest and attorneys' fees and costs.

**F.**     **CAUSES OF ACTION**

   *i.*       *Count 1 - Breach of the Loan Agreement*

   **29.**     Credit Suisse realleges each of the allegations of paragraphs 1 through 29 above, as if set forth in full herein.

   **30.**     Because SAM Eagle has failed to timely secure the release of the Vessel from the arrest by FIMBANK PLC in Cause No. 2:19-cv-00264, has failed to pay mortgagee's interest insurance premiums, has failed to pay legal invoices, and has failed to pay repayment installments and related interests as required under the Loan Agreement, SAM Eagle is now in default under the Loan Agreement.

   **31.**     Credit Suisse has declared and does hereby further declare all sums due thereunder immediately due and payable pursuant to clause 19.2 of the Loan Agreement.

   **32.**     The balance due to Credit Suisse by SAM Eagle under the Loan Agreement and First Preferred Liberian Ship Mortgage as of April 1, 2020, is USD 6,171,908.15, GBP 3,231.00 and EUR 7,328.97, plus accruing interest and attorneys' fees and costs.  Credit Suisse seeks judgment against SAM Eagle for this amount.

   *ii.*      *Count 2 – Enforcement of the Preferred Vessel Mortgage*

   **33.**     Credit Suisse realleges each of the allegations of paragraphs 1 through 33 above, as if set forth in full herein.

   **34.**     Credit Suisse is a party to the Loan Agreement and the First Preferred Liberian Ship Mortgage and has the right to enforce and collect the obligations evidenced by the Loan Agreement and to enforce the Loan Agreement and First Preferred Liberian Ship Mortgage.

7

35.     Pursuant to 46 U.S.C. § 31325(b), Credit Suisse desires to enforce the terms and conditions of the First Preferred Liberian Ship Mortgage against the M/V SAM EAGLE.

36.     Because SAM Eagle defaulted under the Loan Agreement and the First Preferred Liberian Ship Mortgage as specified above, Credit Suisse is entitled to have its liens and encumbrances of the First Preferred Liberian Ship Mortgage recognized and enforced as a valid preferred ship mortgage against the M/V SAM EAGLE and for such other legal and equitable relief as is just and due under admiralty and maritime jurisdiction.

### iii.     Count 3 – Notice of the Proceedings to SAM Eagle

37.     Credit Suisse realleges each of the allegations of paragraphs 1 through 37 above, as if set forth in full herein.

38.     Pursuant to the United States Code and the local rules of this Court, notice of these proceedings must be given to the owner or master of the M/V SAM EAGLE and all persons who have recorded lien(s) over the vessel and Credit Suisse requests that the Court order such notification to be made to such persons by commercial courier, delivered to their last known address on file with the Liberian Maritime Authority.

39.     Pursuant to local rule, Credit Suisse agrees to hold harmless and indemnify the United States Marshal and all of its deputies from any and all liability as a result of their seizure of the M/V SAM EAGLE.

### **PRAYER**

WHEREFORE, Credit Suisse AG respectfully prays as follows:

A.     That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure issue against the M/V SAM EAGLE, bearing IMO No. 9559676, her engines, tackle and apparel, etc., and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, that the

8

Preferred Vessel Mortgage in favor of Credit Suisse AG be declared to be valid and subsisting a lien upon the M/V SAM EAGLE, her engines, tackle, apparel, etc., *in rem*, and that the said M/V SAM EAGLE be seized and sold to satisfy all amounts owed to Credit Suisse AG, as set forth herein;

B.      That process in due form of law issue against SPV SAM Eagle Inc., citing it to appear and answer under oath all, and singular, the matters and claims set forth herein;

C.      That notice of these proceedings be given to the owner or master of the M/V SAM EAGLE, and all persons who have recorded lien(s) with the Liberia Maritime Authority over the Vessel by commercial courier, delivered to their last known address on file with the Liberia Maritime Authority;

D.      That judgment *in personam* against SPV SAM Eagle Inc., in favor of Credit Suisse AG, be rendered for the full amounts due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees;

E.      That this Court grant Credit Suisse AG all such other and further relief which it may deed just and proper.


Dated:      Houston, Texas
            April 1, 2020

                                    Respectfully submitted,

                                    **BLANK ROME LLP**

                                    */s/ Keith B. Letourneau*
                                    Keith B. Letourneau (Attorney-In-Charge)
                                    State Bar No. 00795893
                                    Federal I.D. No. 20041
                                    Zachary R. Cain
                                    State Bar No. 24078297
                                    Fed. I.D. No. 1829905
                                    Blank Rome LLP
                                    717 Texas Avenue, Suite 1400
                                    Houston, Texas 77002
                                    Telephone: (713) 228-6601
                                    Facsimile: (713) 228-6605
                                    Email: kletourneau@blankrome.com
                                    Email: zcain@blankrome.com

                                    ***Attorneys for Credit Suisse AG***

9

## <u>VERIFICATION OF COMPLAINT</u>

Pursuant to 28 U.S.C. § 1746, Keith B. Letourneau, declares under the penalty of perjury:

1.      I am a member of the bar of this Honorable Court and partner of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2.      I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3.      The reason this Verification is made by the undersigned and not by Plaintiff is that Plaintiff is a foreign corporation, and no officer or director of which is within this jurisdiction.

4.      The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.


*/s/ Keith B. Letourneau*
Keith B. Letourneau